IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ROYCE DRENNON              )
                                     )
       v.                 )       NO. 3:16-2824
                                     )
STATE OF TENNESSEE, et al.    )

**TO: Honorable Waverly D. Crenshaw, Jr., Chief District Judge**

### R E P O R T   A N D   R E C O M M E N D A T I O N

By Order entered March 14, 2019 (Docket Entry No. 55), the above captioned Petition for a writ of habeas corpus filed under 28 U.S.C. § 2254 was referred to the Magistrate Judge for resolution of all non-dispositive motions and to recommend disposition of dispositive motions and the Petition.

After review of the Amended Petition, Respondent's Answer, Petitioner's Reply, and the entire record, the undersigned respectfully recommends that the Amended Petition be denied and this case be dismissed.

### I.  BACKGROUND

Royce Drennon ("Petitioner") is an inmate of the Tennessee Department of Correction ("TDOC") who is currently confined at the Trousdale Turner Correctional Center in Hartsville, Tennessee.  On May 1, 2014, he was arrested and charged with two counts of burglary and two counts of theft based upon his admission to burglarizing two sandwich shops in Rutherford County, Tennessee in early 2014.  *See* Docket Entry No. 31-1 at 1-5.  At the time of these crimes, Petitioner was on parole from a prior criminal conviction in Davidson County, Tennessee.

1

As a result of both the new crimes and his arrest on September 9, 2014, for violating the terms of his parole, Petitioner was held in custody in Rutherford County for a considerable period of time after his arrest. He was held in custody on his parole violation from September 10, 2014, to February 2, 2015, when the sentence on the prior criminal conviction apparently expired. *See* Affidavit of Adrianne Pruitt-Owens (Docket Entry No. 41-2) at ¶ 4. He was then held in custody for another 406 days from February 2, 2015, to March 14, 2016, when he was sentenced to concurrent terms of 10 years imprisonment after pleading guilty to two counts of burglary. *Id*. at ¶ 3; Docket Entry No. 41-1 at 10-20.[1]

Petitioner was not pleased with his continued pretrial detention after February 2, 2015, and contends that he should have been granted pretrial release on bail. He alleges that he appeared at a hearing before Rutherford County Judge Royce Taylor on January 23, 2015, at which time he alleges that he was denied bail without a protest from his appointed criminal defense attorney and that he was not allowed to speak. He also contends that his attorney failed to thereafter seek his release on bail despite Petitioner's requests that he do so.

Petitioner took to the courts to seek a remedy for his belief that he was being wrongfully detained. While still confined in Rutherford County and prior to his guilty pleas, Petitioner filed two *pro se* lawsuits in this Court against Judge Taylor, the state prosecutor, and the State of Tennessee, seeking relief under 42 U.S.C. § 1983 for alleged violations of his civil rights arising from his continued pretrial confinement. *See Drennon v. Taylor, et al.*, No. 3:15-00197 ("Drennon

---

[1] It unclear from the record whether Petitioner was detained after his arrest on May 1, 2014, and released on bail or was continuously detained between May 1, 2014, and September 10, 2014. Although he states that he was released on bail, *see* Amended Petition (Docket Entry No. 66) at 2, Respondent sets forth evidence that he was continuously detained. *See* Affidavit of Adrianne Pruitt-Owens (Docket Entry No. 41-2) at ¶ 4. However, resolving this factual matter is not critical because Petitioner's habeas claim does not involve this time period.

2

I"); *Drennon v. Taylor, et al.*, No. 3:16-00088 ("Drennon II"). Both lawsuits were dismissed, and Petitioner's appeals to the Sixth Circuit were denied for lack of prosecution and as untimely, respectively. Petitioner then proceeded to state court about the matter by filing a *pro se* petition for a writ of habeas corpus with Rutherford County Circuit Court on May 3, 2016, challenging his lengthy pretrial detention. This petition was denied on May 11, 2016, as being filed in the incorrect forum and as lacking a factual or statutory basis. *See* Docket Entry No. 15 at 3-4. Petitioner did not appeal from the denial of the petition but instead filed a *pro se* petition directly with the Tennessee Court of Criminal Appeals seeking habeas corpus relief. *See* Docket Entry No. 41-4. This petition was denied on June 15, 2016, as being outside the appellate court's jurisdiction. *See* Docket Entry No. 15 at 8. Petitioner's *pro se* application for permission to appeal to the Tennessee Supreme Court was denied on October 19, 2016, as untimely. *Id.* at 6.[2]

Petitioner then returned again to federal court, this time by filing the instant case via a *pro se* petition for habeas corpus relief that was filed on November 1, 2016. *See* Docket Entry No. 1. Although the Court initially dismissed the petition without prejudice because Petitioner had not shown that he exhausted state court remedies, *see* Order entered December 13, 2016 (Docket Entry No. 8), the Court vacated its dismissal[3] and directed Respondent to respond to Petitioner's claim that he was held 406 days without the opportunity to post bail. *See* Order entered April 7, 2017 (Docket Entry No. 19).

---

[2] There is no indication that Petitioner took any steps in the state or federal courts to directly challenge the legality of his guilty pleas.

[3] At the time the Court initially dismissed the petition, Petitioner had not set out any of the state court remedies that he pursued.

Respondent initially responded by acknowledging that Petitioner was detained for the length of time alleged that he was given credit for the time served when he was sentenced upon his guilty pleas. *See* Response (Docket Entry No. 40). Respondent argued that Petitioner procedurally defaulted his claim regarding his pretrial detention by not properly pursuing it in the state court and that the claim had furthermore become moot because of his conviction upon his guilty pleas. *Id.* Respondent thereafter filed a supplemental response, arguing that the petition should be denied because Petitioner had been recently released from confinement on parole. *See* Supplemental Response (Docket Entry No. 51).[4]

The Court rejected Respondent's argument that Petitioner's release on parole rendered him unable to satisfy the "in custody" requirement for relief under Section 2254 and: 1) appointed the Federal Public Defender to appoint counsel for Petitioner; 2) directed that Petitioner, with the benefit of counsel, file a supplemental habeas corpus petition; and, 3) directed Respondent to respond to the supplemental petition. *See* Order entered March 14, 2019 (Docket Entry No. 55). The Court further specifically noted that Petitioner should address the issues of procedural default and mootness by entry of judgment of conviction that had been raised by Respondent in the initial response. *Id.* at 2, n.2.

On June 20, 2019, Petitioner filed his amended petition. *See* Docket Entry No. 66. Petitioner contends that: 1) his 406 day pretrial detention without bail violated his Sixth Amendment right to a speedy trial ("Claim 1"); 2) his trial counsel was ineffective because counsel refused to request a bond hearing or a speedy trial ("Claim 2"); 3) his extended pretrial detention violated his Fifth Amendment due process rights ("Claim 3"); and, 4) the revocation of his bail

---

[4] It appears that Petitioner's parole was revoked and he was returned to TDOC custody sometime around April 2019. *See* Docket Entry Nos. 59 and 60.

and pretrial detention violated his Fourteenth Amendment due process rights ("Claim 4"). Petitioner requests to have an evidentiary hearing, to have his conviction and sentence overturned, and to be granted a new trial if necessary. *Id.* at 16-17.

In a response to the amended petition, Respondent reasserts that Petitioner's original claim regarding the legality of his pretrial detention is a claim that cannot support habeas corpus relief because it has been procedurally defaulted and because it is moot by virtue of the fact that Petitioner ultimately pled guilty to the burglary charges for which he had been detained. *See* Answer (Docket Entry No. 71). Respondent further argues that Petitioner's newly asserted claims of a speedy trial violation and ineffective assistance of counsel are untimely raised and are also procedurally defaulted because they have never been raised in the state courts. *Id.*

Because Petitioner failed to address in his amended petition the issues of procedural default and mootness that the Court, in its March 14, 2019, Order, had specifically requested be addressed, Petitioner was directed to file a reply addressing these issues. *See* Order entered February 4, 2020 (Docket Entry No. 78). In his reply, Petitioner asserts there is no viable argument to raise against the procedural default defense because Petitioner did not present any of his claims to the state courts in the proper manner and that no lawyer prevented him from properly raising his claims before the state courts. *See* Reply (Docket Entry No. 80). Petitioner further acknowledges that the case law cited by Respondent on the issue of mootness appears to be on point. *Id.*

## II.  STANDARD FOR HABEAS CORPUS REVIEW

Under Section 28 U.S.C. § 2254, a federal court may "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United

States." 28 U.S.C. § 2254(a). In order to respect state court rulings in criminal cases and to preserve federalism principles, *see Martinez v. Ryan*, 566 U.S. 1, 9 (2012), before a federal court rules on the merits of a petition seeking collateral habeas corpus relief under 28 U.S.C. § 2254: (1) the petitioner must have exhausted his available state remedies for his claims, *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); 28 U.S.C. § 2254(b)(1)(A); and, (2) the petitioner's claims must not be procedurally defaulted. *Coleman v. Thompson*, 501 U.S. 722, 729 (1991).

The doctrine of exhaustion requires state prisoners to fully and fairly present their claims to the state courts as a matter of federal law before raising those claims in a federal habeas corpus petition. 28 U.S.C. § 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *Stanford v. Parker*, 266 F.3d 442, 451 (6th Cir. 2001). To exhaust a claim, the petitioner must have given the state the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Baldwin*, 541 U.S. at 29. The exhaustion requirement is satisfied if a petitioner invokes one complete round of the State's established appellate review process. *O'Sullivan*, 526 U.S. at 839-40, 845. In Tennessee, a petitioner is "deemed to have exhausted all available state remedies for [a] claim" when it is presented to the Tennessee Court of Criminal Appeals. *Adams v. Holland*, 330 F.3d 398, 402 (6th Cir. 2003) (*quoting* Tenn. Sup. Ct. R. 39).

## III. ANALYSIS

Upon consideration of the entire record, it appears that an evidentiary hearing, which has been requested by Petitioner, is not required in this matter. Therefore, the Court should dispose of the Petition as the law and justice require. *See* Rule 8, Rules Governing Section 2254 Cases; 28 U.S.C. § 2254(e)(2). Petitioner is not entitled to habeas corpus relief in this case, and his

petition should be dismissed. As acknowledged in Petitioner's reply, there are sound legal defenses to his claims that require the dismissal of his petition.

A. Claims 1 and 2

Claims 1 and 2 were added by appointed counsel and were first asserted in the amended petition. However, the claims were not presented by Petitioner to the state courts for review and are, accordingly, unexhausted. Because the time for Petitioner to timely pursue the claims in the state courts has now passed,[5] the claims are deemed to be procedurally defaulted. *See Coleman v. Thompson*, 501 U.S. 722. 732 (1991); *Jones v. Bagley*, 696 F.3d 475, 483 (6th Cir. 2012); *Pudelski v. Wilson*, 576 F.3d 595, 605 (6th Cir. 2009); *Alley v. Bell*, 307 F.3d 380, 388 (6th Cir. 2002).

To excuse his procedural default and permit consideration of the merits of the claims, Petitioner must show "cause for the default and prejudice from the asserted error." *House v. Bell*, 547 U.S. 518, 536 (2006); *Atkins v. Holloway*, 792 F.3d 654, 657 (6th Cir. 2015). Cause is established by "show[ing] that some objective factor external to the defense" - a factor that "cannot be fairly attributed to" the petitioner - "impeded counsel's efforts to comply with the State's procedural rule." *Davila v. Davis*, __ U.S. __, 137 S. Ct. 2058, 2065 (2017) (citations omitted). To establish prejudice, "a petitioner must show not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Garcia-Dorantes v. Warren*, 801 F.3d 584, 598 (6th Cir. 2015) (*quoting Hollis v. Davis*, 941 F.2d 1471, 1480 (11th Cir. 1991)) (internal quotation marks omitted).[6]

---

[5] Tenn. Code Ann. § 40-30-102 provides that a petition for post-conviction relief must be filed within one year of the date when a judgement that is not appealed became final.

[6] A petitioner may also excuse procedural default by showing that a fundamental miscarriage of justice will result if there is no federal review of a claim. *House*, *supra*. This

The burden of showing cause and prejudice is on Petitioner. *Lucas v. O'Dea*, 179 F.3d 412, 418 (6th Cir. 1999). Petitioner has not satisfied this burden. Indeed, he has not even attempted to show that cause and prejudice exists for a failure to raise these two claims and acknowledges in his reply that there is no viable argument to be made in rebuttal to the procedural default defense raised by Respondent.[7]

Petitioner makes reference to *Martinez v. Ryan*, 566 U.S. 1 (2012), and the need for an evidentiary hearing so that he can present his ineffective assistance of counsel claim. However, *Martinez,* which recognized that ineffective assistance of post-conviction counsel can sometimes establish "cause" for the procedural default of a claim, is inapplicable because Petitioner has not asserted that this claim was not presented due to the fault of counsel during post-conviction relief. Indeed, he could not make such an assertion because he did not file a petition for post-conviction relief in the state courts.

B. Claims 3 and 4

As to Petitioner's claims that his lengthy pretrial detention without the opportunity for bail amounted to a violation of his constitutional rights, the claims suffer from two fatal deficiencies. First, the prevailing case law is that claims based upon allegations of unconstitutional pretrial detention become moot once a petitioner is convicted of the crimes for which he was detained pretrial. *See Murphy v. Hunt*, 455 U.S. 478, 481-82 (1982); *United States v. Manthey*, 92

_____

exception, however, is narrow and applies only where a constitutional violation has "probably resulted" in the conviction of one who is "actually innocent" of the substantive offense. *Dretke v. Haley*, 541 U.S. 386, 392 (2004) (*citing Murray v. Carrier*, 477 U.S. 478, 495-96 (1986) ). Petitioner has not argued that his case falls into this stringent exception.

[7] Because the procedural default defense to Claims 1 and 2 is a sound and unrebutted defense requiring dismissal of the claims, it is not necessary to address Respondent's alternative argument that the claims have not been timely raised.

8

Fed.App'x 291, 297 (6th Cir. 2004);*Williams v. Slater*, 317 Fed.App'x 723 (10th Cir. 2008); *United States v. Davis*, 35 Fed.App'x 245, 246 (7th Cir. 2002); *Kirk v. Ivey*, 2020 WL 349662 at *2 (N.D. Ohio Jan. 21, 2020); *Stoll v. Chippewa Cty. Prosecuting Attorney*, 2020 WL 103551 at *2 (W.D. Mich. Jan. 9, 2020); *Betlem v. Harry*, 2019 WL 211063 at *1 (W.D.Mich. Jan. 16, 2019); *Anger v. Klee*, 2015 WL 6437224 at *11 (E.D.Mich., Oct. 21, 2015) *McCann v. Trombley*, 2007 WL 2318730, at *15 (E.D.Mich. Aug. 10, 2007); *Wappler v. Vasbinder*, 2006 WL 3469630 at *8 (E.D.Mich. Nov. 30, 2006). In his reply, Petitioner acknowledges the applicability of this case law to his claims.

Second, a threshold requirement for habeas corpus relief under Section 2254 is the requirement that the petitioner show that he has exhausted his state court remedies for a claim. *Baldwin*, *supra*. Petitioner fails to satisfy this requirement with respect to these claims. The only steps Petitioner took to assert claims about his pretrial detention were through his pursuit of state court petitions for a writ of habeas corpus. However, his attempt to present the claims to the state courts was fatally defective and failed to properly exhaust the claims upon which he now seeks federal relief. Initially, he failed to file an appeal from the denial of his habeas corpus at the trial court level and, thus, did not properly exhaust the claim through the complete judicial process afforded by the State as is required. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Instead, Petitioner filed a petition for habeas corpus relief directly with the state appellate court, which was denied as procedurally improper. To fully exhaust a claim, the claim must be fairly presented to the state courts in a procedurally proper form. *See* Coleman, 501 U.S. at 732 ("a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance."); *Black v. Ashley*, 87 F.3d 1315, 1996 WL 266421 at **1-2 (6th Cir. 1996) ("The fair presentation

9

requirement is not satisfied when a claim is presented in state court in a procedurally inappropriate manner that renders consideration of its merits unlikely."). Petitioner's procedurally flawed attempt to seek relief in the state courts simply did not exhaust his claims. Furthermore, as pointed out by Respondent, *see* Answer at 16-17, the proper avenue for Petitioner to challenge his pretrial detention in the state courts was through filing a motion for review of the denial of bond under Rule 8 of the Tennessee Rules of Appellate Procedure, which did not occur.

In a similar manner to Claims 1 and 2, Petitioner must show cause and prejudice for his failure to exhaust Claims 3 and 4 in the state courts. Petitioner has not made this showing and acknowledges in his reply that he cannot.[8]

## RECOMMENDATION

Based on the foregoing, it is respectfully RECOMMENDED that the Petition for Habeas Corpus Relief be DENIED and this action be DISMISSED.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140

---

[8] Because Petitioner has been appointed counsel, any arguments he makes against the dismissal of his case must be made through his counsel. Nonetheless, the Court has reviewed the arguments Petitioner presents in his *pro se* filing, *see* Motion to Address (Docket Entry No. 75), and finds that none of his arguments on the issues of procedural default or mootness raised valid legal arguments that rebut the dismissal of Petitioner's case and support his request for habeas corpus relief.

10

(1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections

must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2).

Respectfully submitted,

_____
BARBARA D. HOLMES
United States Magistrate Judge