## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

ROYCE DRENNON,                      )
                                    )
     Petitioner,                  )
                                    )
v.                                  )          No. 3:16-cv-2824
                                    )
STATE OF TENNESSEE, et al.,         )
                                    )
     Respondent.                  )

## ORDER

Before the Court is the Magistrate Judge's Report and Recommendation ("R&R") (Doc. No. 83) recommending that the Court deny Petitioner Royce Drennon's Amended Petition for Writ of Habeas Corpus (Doc. No. 66) and dismiss this case. Drennon has filed an objection (Doc. No. 100). Respondent did not file a response. For the following reasons, the R&R will be approved and adopted.

## I. BACKGROUND

The Magistrate Judge has carefully recounted the factual background and extensive procedural history of this case. (Doc. No. 83 at 1-5). As the R&R explains in detail, Drennon, an inmate of the Tennessee Department of Corrections, was arrested and charged with two counts of burglary and two counts of theft in 2014, while on parole from a prior criminal conviction in Davidson County, Tennessee. (Doc. No. 83 at 1). Because Drennon violated his parole due to the 2014 charges, he remained in custody for a lengthy period following his arrest. (See Doc. Nos. 83 at 2; 41-2 ¶ 4). Dissatisfied with that term of custody, Drennon filed a petition, and, as relevant here, an amended petition, seeking habeas relief under 28 U.S.C. § 2254. (Doc. No. 66). He brought four claims: (1) that pretrial detention without bail violated his Sixth Amendment right to

a speedy trial ("Claim 1"); (2) that trial counsel's refusal to request a bond hearing or speedy trial constituted ineffective assistance of counsel ("Claim 2"); (3) that extended pretrial detention violated his Fifth Amendment due process rights ("Claim 3"); and (4) that the revocation of his bail and pretrial detention violated his Fourteenth Amendment due process rights ("Claim 4"). (Id.; see also Doc. No. 83 at 4). Drennon requests that this Court hold an evidentiary hearing, overturn his sentence and conviction, and, if necessary, grant a new trial. (Doc. No. 66 at 16-17). In response to the petition, the State argues that Drennon is not entitled to habeas relief because he: (1) procedurally defaulted on his pretrial detention claim; (2) mooted that claim because he eventually pled guilty to the burglary charges for which he was detained; (3) untimely raised new speedy trial violation and ineffective assistance claims; and (4) procedurally defaulted on those claims because he failed to raise them in state court. (Doc. No. 71).

On February 4, 2020, the Court ordered Drennon to file a reply that specifically addressed the issues of procedural default and mootness (Doc. No. 78). In his reply, Drennon conceded he had no viable argument against Respondent's procedural default defense. (Doc. No. 80 at 1). In particular, Drennon acknowledged that he failed to file a state post-conviction petition, and "did not present [his claims] to the state court in the proper kind of petition, and that no lawyer prevented him from taking that action." (Id.). Drennon also acknowledged that Respondent's cited case law supporting its mootness claim "appears to be on point." (Id. at 2).

On August 13, 2020, the Court extended the deadline for Drennon to object to the R&R and granted his request to do so *pro se*. (Doc. No. 99).

## II.    STANDARD OF REVIEW

The Court's standard of review for a magistrate judge's R&R depends upon whether a party files objections. If a party objects to portions of the Report and Recommendation, the Court reviews those portions *de novo*. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). *De novo* review

2

in these circumstances requires at least a review of the evidence before the magistrate judge; the Court may not act solely on the basis of a magistrate judge's R&R. See Hill v. Duriron Co., 656 F.2d 1208, 1215 (6th Cir. 1981); see also 12 Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 3070.2 (1997). After reviewing the evidence, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations" of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

### III. PETITIONER'S SIXTH AMENDMENT SPEEDY TRIAL AND INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS

The R&R concludes that Drennon's first two claims – that his pretrial detention without bail violated his speedy trial rights, and that his trial counsel's refusal to request a bond hearing constituted ineffective assistance of counsel – were not presented to the state court for review and therefore were not exhausted. (Doc. No. 83 at 6-7). The Magistrate Judge found that "[b]ecause the time for Petitioner to timely pursue the claims in the state court has now passed, the claims are deemed to be procedurally defaulted." (Id. at 7 (citing Coleman v. Thompson, 501 U.S. 722, 732 (1991)); see also Tenn. Code. Ann. § 40-30-102.

Drennon objects on the ground that his procedural deficiencies, including his failure to exhaust state remedies for Claims 1 and 2, arise from his trial lawyer's refusal to ask for a bond hearing in the first place. (Doc. No. 100 at 6). He also argues that his attorney colluded with the trial court and prosecution to "do a deceitful act, and the state court proceeding in which bail was denied was motivated by a desire to harass and [was] conducted in bad faith." (Id. at 8).

"A federal district court will not entertain a petition for the writ of habeas corpus unless the petitioner has first exhausted all available state-court remedies for each claim in his petition." Vaughn v. Nixon, No. 3:15-cv-0034, 2015 WL 8484480, 2015 U.S. Dist. LEXIS 164918, at *43 (M.D. Tenn. Dec. 9, 2015) (citing 28 U.S.C. § 2254(b)(1)). And "if a petitioner fail[ed] to raise a

claim on appeal due to a failure to comply with a state procedural rule, that claim is subject to procedural default and will only be reviewed by a federal court . . . if the petitioner is able to demonstrate cause and prejudice for his default." McClain v. Kelly, 631 F. App'x 422, 428-29 (6th Cir. 2015) (citing Coleman v. Thompson, 501 U.S. 722, 729-30, 732 (1991)); see also House v. Bell, 547 U.S. 518, 536 (2006).

Here, Drennon's arguments on Claims 1 and 2 put the cart before the horse. Not only has Drennon failed to show the requisite cause and prejudice to excuse any procedural default, he has failed to file a petition for relief in state court on the very grounds he now asserts. (See Doc. No. 83 at 8). In doing so, Drennon has not met "the burden of demonstrating that he has properly and fully exhausted his available state court remedies with respect to the claims he [now] presents for federal habeas review." Vaughn, 2015 U.S. Dist. LEXIS 164918, at *45 (citing Prather v. Rees, 822 F.2d 1418, 1420 n.3 (6th Cir. 1987)). Accordingly, the Court concludes that Drennon has failed to exhaust his Sixth Amendment speedy trial and ineffective assistance of counsel claims.

## IV. PETITIONER'S FIFTH AND FOURTEENTH AMENDMENT DUE PROCESS CLAIMS

The R&R further concludes that Drennon failed to exhaust his state remedies on Claims 3 and 4 – that his extended pretrial detention violated his Fifth Amendment due process rights, and that the revocation of his bail and pretrial detention violated his Fourteenth Amendment due process rights. (Doc. No. 83 at 9). The Magistrate Judge found that Drennon's state court petition on these claims was fatally defective because he "did not appeal from the denial of the petition but instead filed a *pro se* petition directly with the Tennessee Court of Criminal Appeals seeking habeas corpus relief." (Doc. No. 83 at 3). The appeals court denied his directly filed petition as procedurally improper. (See Doc. Nos. 41-5; 41-7).

Drennon argues that this Court should construe his directly filed petition with the

4

Tennessee Court of Criminal Appeals as an appeal. (Doc. No. 100 at 4). In support of his argument, Drennon claims that the appeals court, by "answer[ing]" his petition, created a "legal bond" that this Court must review. (Id.). Drennon also argues his petition was effectively an appeal because it referenced the same arguments and case number as his originally filed petition. (Id.).

As the Court discussed above while analyzing Drennon's Sixth Amendment claims, in order to exhaust state remedies, petitioners must first make a fair presentation of each claim "to the state courts[, including] the state court of appeals and the state supreme court." Bechtol v. Prelesnik, 568 F. App'x 441, 447 (6th Cir. 2014) (citing Wagner v. Smith, 581 F.3d 410, 414 (6th Cir. 2009)). Here, Drennon's filing of a petition directly with the appeals court deprived any state court an opportunity to first address his due process claims. Drennon has thus improperly "ignore[d] the procedural norms" of the Tennessee Court of Criminal Appeals. Woods v. Booker, 450 F. App'x 480, 489 (6th Cir. 2011); see also Bechtol, 568 F. App'x at 447 ("The fair presentation requirement is not satisfied when a claim is presented in a state court in a procedurally inappropriate manner that renders consideration of the merits unlikely") (internal citation omitted). Accordingly, the Court concludes that Drennon has failed to exhaust his Fifth and Fourteenth Amendment due process claims.[1]

## V.    CONCLUSION

For the foregoing reasons, the R&R (Doc. No. 83) is **APPROVED AND ADOPTED**. Drennon's Amended Petition under 28 U.S.C. § 2254 is **DENIED**, and this case is **DISMISSED**.

IT IS SO ORDERED.

---

[1] The Court also points out that Drennon cannot overcome mootness considerations. The Sixth Circuit has found that a petitioner's conviction of the crime for which he was detained pretrial moots any claim that such pretrial detention amounts to a constitutional violation. See U.S. v. Manthey, 92 F. App'x 291, 297 (6th Cir. 2004) (citing Murphy v. Hunt, 455 U.S. 478, 481 (1982) (concluding that Petitioner's "claim to pretrial bail was moot once he was convicted")). Here, petitioner was convicted of the crime for which he was detained pretrial, and he even acknowledges the applicability of these mootness considerations in his reply in support of his habeas petition. (Doc. No. 80 at 2).

_____

WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE

6